(78 Misc. Rep. 134.)

## DEPARTMENT OF HEALTH OF CITY OF NEW YORK v. SULZBERGER & SONS CO.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

HEALTH (§ 28*)—OFFENSIVE ODORS—PENALTIES.

　　In an action to recover a penalty for an alleged violation of section 85 of the Sanitary Code, providing that all offensive odors arising from the handling of meat, and treating of or caring for offal, blood, or any other material stored or manufactured, must be cared for by destruction or condensation, and not allowed to escape into the outside air, it is no defense that defendant had installed a good system for taking care of the odors, and that the odors which did escape arose from the fact that one of its pipes was defective, and that as soon as it learned of the defect in the pipe it caused the pipe to be repaired, since the liability is not predicated upon the intentional violation of its provisions.

　　[Ed. Note.—For other cases, see Health, Cent. Dig. §§ 30, 31; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Department of Health of the City of New York against the Sulzberger & Sons Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Stroock & Stroock, of New York City (Moses J. Stroock and Charles Levy, both of New York City, of counsel), for appellant.

Archibald R. Watson, of New York City (Herman Stiefel and William J. Millard, both of New York City, of counsel), for respondent.

SEABURY, J. This is an action to recover a penalty for an alleged violation of section 85 of the Sanitary Code. The portion of the Code which it is alleged the defendant violated provides as follows:

"All offensive odors arising from the handling of meat and treating of and caring for offal, blood or any other material stored or manufactured, must be cared for by destruction or condensation, and not allowed to escape into the outside air."

On November 6, 1911, at about 8 a. m., there was an odor in the vicinity of Forty-Fourth street and First avenue, traceable to the defendant's place of business. Appellant contends that it had installed a good system for taking care of the odors, and that the odors which did escape arose from a breakdown in its system, in that one of its pipes was defective, and that as soon as it had knowledge of the defect in the pipe it caused the pipe to be repaired. The defendant claims that, upon this state of facts, it is not liable for the penalty sued for, and it is urged that, as the ordinance in question is penal in its character, the court could not give it such a construction as will cover the present case.

Where a statute or ordinance is plain and unambiguous in its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

meaning, there is no room for judicial construction, and the function of the court is fully performed where it applies and enforces its provisions. The conceded facts in the present case seem to me to leave no room for doubt that the defendant is liable for the penalty sued for. Its present claim is merely a plea that its violation of the ordinance was not intentional, and that, as soon as it discovered that it was violating the ordinance, it attempted to remedy the defect in its plant. Both of these contentions seem to be true, but both are foreign to the question presented for determination. The ordinance does not predicate liability upon the intentional violation of its provisions, but in mandatory terms prohibits certain acts, which, through some defect in its machinery, the defendant was guilty of doing. The purpose of the ordinance was to prohibit the evil effects of the defendant's business, which, in a crowded metropolitan district, the law permits to exist only under proper restrictions.

The defendant was guilty of doing the act prohibited by the ordinance in question, and for that reason is liable for the penalty which the ordinance provides shall be imposed in such cases. The courts have no power to suspend the operation of a valid ordinance or statute, because, in the particular case, the person accused did not intentionally violate it, nor is it within the function of the judicial power to suspend the penalties which the legislative power has provided for such violations, because the defendant sought to remedy the condition which it had, in violation of law, allowed to exist.

The judgment appealed from should be affirmed, with costs. All concur.